UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT, | No. 2:22-cv-1639 DB |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO/DUNNIGAN HOLDING CO INC dba WATT AVE CHEVRON, HARWANT KAUR KANG, | |
| Defendants. | |

    Each of the parties in the above-captioned case has consented to proceed before a United States Magistrate Judge. See U.S.C. § 636(c). Accordingly, this matter has been reassigned to the undersigned for all purposes. (ECF No. 11.) Plaintiff's complaint alleges a federal claim for violation of the Americans with Disabilities Act, as well as California state law claims for violation of the Unruh Civil Rights Act and the California Health and Safety Code. (Compl. (ECF No. 1) at 2.)

    On December 8, 2022, the Court issued plaintiff an order to show cause as to why the Court should not decline to exercise supplemental jurisdiction over the complaint's state law claims. (ECF No. 14.) On December 22, 2022, plaintiff filed a response to the order to show cause. (ECF No. 16.) After reviewing plaintiff's response, the Court will decline to exercise supplemental jurisdiction over the complaint's state law claims.

In this regard, "Congress enacted the ADA 'to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities.'" Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 669 (9th Cir. 2010) (quoting 42 U.S.C. § 12101(b)(2)). "Title III of the ADA prohibits discrimination in public accommodations, stating that '[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.'" Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1263 (9th Cir. 2015) (quoting Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007)).

Similarly, the California Unruh Civil Rights Act ("Unruh Act") provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Pursuant to the Unruh Act a "violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f) (citation and footnote omitted).

"Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief." Ervine v. Desert View Regional Medical Center Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014). "The Unruh Act, however, does allow for monetary damages." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007).

Here, the Court has supplemental jurisdiction over plaintiff's California state law claims. However, a district court may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). "When a 'high-frequency' litigant asserts a California Unruh Act claim in federal court with an ADA claim, it may constitute an

////

////

exceptional circumstance that justifies dismissal of the Unruh Act claim."[1]  Whitaker v. Mission Edge Café, Inc., Case No. 21-cv-9362 CRB, 2022 WL 7127878, at *2 (N.D. Cal. Oct. 12, 2022). "Such situations implicate strong federal–state comity concerns because 'high-frequency' litigants can evade heightened California-law rules by filing Unruh Act claims with ADA claims in federal court." SCOTT JOHNSON, Plaintiff, v. KUMA KUMA LLC, Defendant., Case No. 22-cv-1368 CRB, 2022 WL 17418977, at *2 (N.D. Cal. Dec. 5, 2022).

In responding to the order to show cause, plaintiff argues that "it is clearly more convenient and economical for the ADA claims and state law claims based on those same ADA violations to be litigated in one suit." (Pl.'s Resp. (ECF No. 16) at 3.)  Plaintiff also asserts that plaintiff "has already incurred the substantial cost of the site inspection, and justice would not be served by forcing him to maintain this action to recover that expense along with a separate action in state court for damages." (Id. at 6.)

However, in 2012 California amended the Unruh Act to require heighted pleading requirements for disability discrimination lawsuits.  See Cal. Civ. Pro. Code § 425.50. "But, in filing these actions in federal courts, plaintiffs have managed to avail themselves of the state statutory damages while circumventing the limitations imposed by the state legislature.  This situation, as well as the increased burden on federal courts due to the increasing number of these cases, presents the type of 'exceptional circumstances' and 'compelling reasons' that justify a court's decision to decline to exercise supplemental jurisdiction over any Unruh Act or other state law claims under 28 U.S.C. § 1367(c)(4)." Soto v. Young, CV 11-6874 RSWL SKx, 2022 WL 17222277, at *2 (C.D. Cal. Oct. 12, 2022).  As explained by the Ninth Circuit, "the ready shifting of ADA-based Unruh Act cases to federal court has created an end-run around California's requirements thereby allowing a wholesale evasion of those critical limitations on damages relief under the Unruh Act." Arroyo v. Rosas, 19 F.4th 1202, 1213 (9th Cir. 2021) (quotation omitted).

---

[1] In responding to the order to show cause, plaintiff does not dispute being a high-frequency litigant as that term is defined.  Nor does it appear that plaintiff could dispute that fact.  See Gilbert v. Singh, No. 1:22-cv-0552 ADA BAM, 2023 WL 317323, at *2 (E.D. Cal. Jan. 19, 2023) ("According to the filings with this Court, Plaintiff Gilbert appears to be a high-frequency litigant, with at least 80 cases filed in this district within the 12-month period from May 6, 2021 to May 6, 2022.").

Accordingly, the Court finds that there are exceptional circumstances and compelling reasons in this action to decline to exercise supplemental jurisdiction over plaintiff's Unruh Act and other state law claims.  See generally Vo v. Choi, 49 F.4th 1167, 1172 (9th Cir. 2022) ("we see no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim."); Sam Benford v. Chaekal & Morita Gardena, LLC, et al., Case No. CV 22-9037 MWF (Ex), 2023 WL 300685, at *4 (C.D. Cal. Jan. 11, 2023) ("Declining to exercise supplemental jurisdiction over Plaintiff's construction-related accessibility state claims in these circumstances supports the values of judicial economy, convenience, fairness, and comity."); Brooke v. Sarodia Suncity LLC, Case No. EDCV 22-1374 JGB (SPx), 2022 WL 17363913, at *4 (C.D. Cal. Nov. 3, 2022) ("compelling reasons exist for declining supplemental jurisdiction over Plaintiff's Unruh Act claim."); Whitaker v. Jeong, Case No. 4:21-cv-1262 YGR, 2022 WL 6837724, at *2 (N.D. Cal. Oct. 11, 2022) ("the Court finds that exceptional circumstances exist that justify declining jurisdiction over the Unruh Act claim"); Zendejas v. Alexene LLC, Case No. 1:21-cv-8249 MEMF (JDEx), 2022 WL 17190269, at *5 (C.D. Cal. Oct. 7, 2022) ("Court DECLINES to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.").

Accordingly, IT IS HEREBY ORDERED that:

1. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims and those claims are dismissed without prejudice;

2. The January 27, 2023 Status (Pretrial Scheduling) Conference is continued to **Friday, March 10, 2023, at 10:00 a.m**., at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

3. Plaintiff shall file and serve an updated status report on or before **February 24, 2023**, and defendants shall file and serve an updated status report on or before **March 3, 2023**; and

////
////
////
////

4. The parties are cautioned that failure to file a status report or failure to appear at the status conference may result in an order imposing an appropriate sanction. See Local Rules 110 and 183.

Dated: January 20, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/gilbert1639.unruh.decline.ord